UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARAMIA PALLOTTA; HENRY PALLOTTA; and DOES 1-10,<br><br>　　　　Defendants. | No.　2:14-cv-00940 JAM-AC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

　　Caramia and Henry Pallotta are licensed physical therapists who own and operate Manteca Physical Therapy.  Pallotta Decl. ¶ 2.  This family business provides therapy to treat orthopedic injuries.  Pallotta Decl. ¶ 3.  They have recently found themselves defendants in this Americans with Disabilities Act (ADA) lawsuit brought by Plaintiff Scott Johnson, who is not, has never been, and never could be a patient of their clinic.

　　Plaintiff Scott Johnson claims that he has been to the Manteca area "on scores of occasions" despite the fact that he lives about an hour away.  Compl. ¶ 12; id. Civil Cover Sheet (reporting Plaintiff's County of Residence as "Sacramento");

1

1  Google Maps, http://goo.gl/maps/sKu7a (last visited Nov. 21,
2  2014).  He went to Manteca Physical Therapy in January 2014 and
3  allegedly "obtained some items."  Compl. ¶ 12.  While there, he
4  claims he encountered multiple ADA violations.  Compl. ¶¶ 12-13.
5  Because of this experience, Plaintiff states, he has not been
6  back to the clinic since.  Compl. ¶ 12.  But he "continue[s] to
7  desire to patronize" the business.  Compl. ¶ 21.
8     It is not clear what services Plaintiff desires there, or
9  why he chose to patronize a business located approximately an
10 hour away that  "does not, and has never, provided . . .
11 rehabilitation" for spinal cord injuries (such as the one
12 rendering Plaintiff disabled).  Pallotta Decl. ¶ 3. In light of
13 these allegations, Defendants move to dismiss Plaintiff's
14 Complaint on numerous grounds, including standing.

### I. OPINION

#### A. Legal Standard

"Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it."  Harris v. Stonecrest Care Auto Center, LLC, 472 F. Supp. 2d 1208, 1214 (S.D. Cal. 2007) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  At the pleading stage, a defendant may move for dismissal based on lack of Article III standing under Federal Rule of Civil Procedure 12(b)(1).  Maya v. Centex Corp, 658 F.3d 1060, 1067 (9th Cir. 2011).  In assessing such a motion, the court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning

the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). "[I]t is within the trial court's power to . . . require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." Maya, 658 F.3d at 1067 (quoting Warth v. Seldin, 422 U.S. 490, 501 (1975)) (quotation marks omitted).

B.  Analysis

Defendants argue that Plaintiff lacks Article III standing because he has not shown that he is "likely to return to the business for any legitimate purpose, or that he was deterred from doing so[.]" Mot. at 9; Reply at 4-5. Plaintiff's opposition does not respond to this argument.[1]

An ADA plaintiff has Article III standing if he shows either that (1) he intends to return to the defendant's establishment or (2) he is deterred from returning because of the barriers he encountered. Chapman v. Pier 1 Imports Inc., 631 F.3d 939, 944 (9th Cir. 2011) (en banc). Because the ADA provides only injunctive relief, a plaintiff must demonstrate that his intent to return or his deterrence from returning is "real and immediate[.]" Id. at 948 (citing City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)); see, e.g. Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1079 (9th Cir. 2004) (holding that plaintiff established standing where he attested that he continued to attend three to four movies at defendant's movie

---

[1] Plaintiff's opposition brief also erroneously states in the caption that the defendants in this action are "Ethan Conrad" and "America's Party Rental, Inc."

3

theater per week "with regularity"); <u>Doran v. 7-Eleven, Inc.</u>, 524 F.3d 1034, 1040 (9th Cir. 2008) (holding that plaintiff had standing where he "alleged that he had visited [defendant's] 7-Eleven store on ten to twenty prior occasions, that he is currently deterred from visiting [it] because of its accessibility barriers, that the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plan[ned] to visit Anaheim at least once a year on his annual trips to Disneyland" but would only return to the store "once it's fixed").

Here, the complaint contains two paragraphs relating to Plaintiff's potential return to the business.  First:

> The plaintiff frequents the Manteca area and has visited and shopped there on scores of occasions in the last year.  He went to Manteca Physical Therapy in January of 2014 and obtained some items.  He encountered barriers at that time.  He has been deterred from attempting patronage on several other occasions because of his knowledge and experience with the barriers.

Compl. ¶ 12.  Later in the complaint, Plaintiff states, "Given its location and options, Manteca Physical Therapy is a business center that plaintiff will continue to patronize and will continue to desire to patronize . . . ."  Compl. ¶ 21.  Plaintiff offers no further evidence about his reasons for visiting Defendants' physical therapy clinic.

Plaintiff has not done enough to establish standing. Plaintiff's allegations do not explain why he went to Defendants' establishment in January, what "items" he "obtained," or whether and for what purpose he will need any more "items" in the future. Nor does he explain why the Manteca location is favorable or what

4

1  "options" the clinic has as a "business center."  See Arnold v.
2  Kraf, Inc., 2012 WL 2131894, at *2 (D. Ariz. June 12, 2012)
3  (holding that plaintiff's standing allegations "f[ell] short of
4  the federal pleading standard" where the complaint stated that
5  she "plans to return to the Property to enjoy the goods,
6  services, privileges, advantages or accommodations being offered
7  . . . but is deterred from returning because of discriminatory
8  conditions").

9      Defendants' evidence further deepens the Court's concern
10 about Plaintiff's standing, because this evidence suggests that
11 there are no goods or services at Defendants' establishment that
12 Plaintiff would plausibly be seeking.  Defendants attest that
13 their clinic "does not, and has never, provided . . .
14 rehabilitation" for spinal cord injuries, such as the one
15 Plaintiff suffers from.  Pallotta Decl. ¶ 3.  The clinic only
16 treats "orthopedic injuries and ailments[.]"  Id.  Defendants'
17 clinic therefore "would not and could not accept Plaintiff . . .
18 as a patient[.]"  Id.

19     Defendants also submit evidence of an email exchange in
20 which Defendants' counsel advised Plaintiff's counsel that the
21 clinic "do[es] not treat, and ha[s] never treated, spinal
22 injuries[,]" and offered that "if [Plaintiff] is in genuine need
23 of physical therapy in the Manteca area, [Defendants] would be
24 happy to refer him to another practice[.]"  Wu Decl. Exh. D at 1.
25 In response, Plaintiff's counsel wrote, "I'm certain [Plaintiff]
26 will appreciate the information, if he hasn't found another
27 therapist."  Id.

28     Defendants' evidence is not conclusive evidence that

Plaintiff does not actually intend to return. But it suggests that there are no goods or services for Plaintiff to patronize, such that there is no reason for him to return - or attempt to return - in the future. Plaintiff has not submitted evidence or argument to the contrary.

To proceed in this action, Plaintiff must establish "a sufficient likelihood" that he intends to return or suffers deterrence. Chapman, 631 F. 3d at 948 (quoting Lyons, 461 U.S. at 111). He has not done so here. The Court will therefore require Plaintiff to supply further particularized allegations of fact in support of his standing in this action. See Maya, 658 F.3d at 1067.

For these reasons, the Court GRANTS Defendants' motion to dismiss, but allows Plaintiff leave to amend in order to demonstrate Article III standing to bring his ADA claim. See Maya, 658 F.3d at 1069 (affirming dismissal on 12(b)(1) motion for lack of standing, but permitting leave to amend on remand "because plaintiffs may be able to establish by amendment that they have standing to pursue their claims"). Because standing is a "threshold requirement" for any federal claim, Lyons, 461 U.S. at 101, the Court declines to reach the parties' further arguments as to whether Defendants' repairs are sufficient under the ADA and whether the violations are likely to recur.

## II. ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss for lack of subject matter jurisdiction. Plaintiff must file his amended complaint within

twenty (20) days from the date of this order.  Defendant's responsive pleading is due within twenty (20) days thereafter.

IT IS SO ORDERED.

Dated: November 21, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7